1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

CASE NO. 09 CR 3687 JM

12

Plaintiff,

**ORDER DENYING MOTION TO DISMISS SECTION 1326 CHARGE**

13

vs.

14

JOSE LUIS MURGUIA-MARQUEZ,

Doc. No. 10

15

Defendant.

16
17
18
19
20
21

Pending before the court is Defendant Jose Luis Murguia-Marquez's ("Defendant") motion to dismiss two charges against him for attempted entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b).  (Doc. No. 10).  Plaintiff United States of America ("the government") filed an opposition.  (Doc. No. 12).  The court heard oral argument regarding the motion on March 19, 2010.  (*See* Doc. No. 19).

22
23

For the following reasons, the court hereby DENIES Defendant's motion to dismiss the section 1326 charges.

I.    BACKGROUND

24
25
26
27
28

According to the indictment, Defendant was removed from the United States subsequent to September 24, 2007.  On February 22, 2009, Defendant presented himself at the Otay Mesa port of entry and claimed to be a United States citizen in violation of 8 U.S.C. § 1326(a) and (b) (attempted entry after deportation) and 18 U.S.C. § 911 (false claim to citizenship).  On

09cr3687

July 27, 2009, Defendant presented himself at the Calexico port of entry with a fraudulent I-551 resident alien card in violation of 8 U.S.C. § 1326(a) and (b) (attempted entry after deportation) and 18 U.S.C. § 1546(a) (fraud and misuse of entry document).

For purposes of this motion, it is undisputed that Defendant faced deportation proceedings before an immigration judge in 2005.  After two initial appearances, Defendant retained counsel to represent him in the deportation proceeding.  After admitting removability, with the aid of counsel, Defendant applied for cancellation of removal pursuant to 8 U.S.C. § 1229b.  The immigration court took testimony from Defendant regarding the equities of his case relevant to the discretionary application for cancellation of removal.   Following testimony, the court issued an oral decision denying cancellation of removal.  The immigration court never informed Defendant that he may be eligible for voluntary departure pursuant to 8 U.S.C. § 1229c(a).  Defendant appealed the decision, which the Board of Immigration Appeals upheld.  Defendant was ultimately removed.

## II.   LEGAL STANDARD

To collaterally attack the prior deportation order, Defendant must comply with 8 U.S.C. § 1326(d).  Therefore, Defendant must

demonstrate[] that

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  Entry of a deportation order is fundamentally unfair if the defendant's due process rights were violated and the defendant suffered prejudice as a result.  *United States v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004).  To show prejudice, Defendant need only have had a "plausible" ground for relief.  *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

## III.   DISCUSSION

The parties agree that Defendant's deportation should be set aside if the entry of the

deportation order was fundamentally unfair. *See* 8 U.S.C. § 1326(d)(3). Furthermore, as Defendant met the base statutory requirements for voluntary departure pursuant to 8 U.S.C. § 1229c(a), but was not informed of his eligibility by the immigration court, Defendant's immigration proceedings violated his Due Process rights. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1183-84 (9th Cir. 2001). The parties disagree, however, whether Defendant suffered any prejudice as a result of the defect in his immigration proceedings.

Defendant argues that, because he was statutorily eligible for voluntary departure, he had a plausible ground for relief. The government counters, however, that it is simply implausible that the immigration court would have granted voluntary departure, a decision that is dedicated to the immigration court's discretion. The government's reasoning is that the immigration court decided that Defendant did not merit a favorable exercise of discretion regarding his application for cancellation of removal, and therefore Defendant would not merit a favorable exercise of discretion regarding voluntary departure.

Immigration courts balance nearly identical factors when exercising discretion related to both cancellation of removal and voluntary departure. In exercising its discretion related to cancellation of removal, the court weighs both positive and negative factors.

> [F]avorable considerations include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the grounds of exclusion or deportation (now removal) that are at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.

*In Re C-V-T*, 22 I&N Dec. 7, 11 (BIA 1998). Similarly, an immigration court weighs the following factors in exercising its discretion to grant voluntary departure:

> the nature and underlying circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record; and other evidence of bad character or the undesirability of the applicant as a permanent resident. . . . [D]iscretion may be favorably exercised in the face of adverse factors where there are compensating

elements such as long residence here, close family ties in the United States, or humanitarian needs.

*In Re Arguelles-Campos*, 22 I&N Dec. 811, 817 (BIA 1999).

Defendant argues that, although the immigration court applies the same factors to the discretionary decisions regarding cancellation of removal and voluntary departure, a different outcome regarding voluntary departure is nonetheless plausible because voluntary departure relief requires a lower standard. Indeed, "an Immigration Judge has broader authority to grant voluntary departure in discretion under section 240B(a)" than at least some other sections. *Id.* In particular, Defendant argues that in considering voluntary departure, an immigration court also weighs the expense to the government of a full immigration proceeding. This "silent" factor weighs in an alien's favor when applying for voluntary departure.

Here, however, the immigration court gave no indication that Defendant would have received a different result if the court had considered an application for voluntary departure. In its oral decision, after reviewing Defendant's lengthy criminal record and failure to pay taxes, the immigration court summarized its decision:

> Clearly the respondent's only equities are that he has been living in the United States since 1979 and that he became a permanent resident in 1986. I see no other equities in this particular case. The adverse factors are of such a frequent and severe nature that I find that clearly they overcome any positive equities that the respondent may have exhibited. I also find that this respondent has not shown any remorse for any of his criminal infractions. And, furthermore, more disturbingly, it appears that the respondent is unable to rehabilitate himself since he has multiple convictions for the same criminal conduct.
>
> Based on all these facts and circumstances, clearly the respondent's application for cancellation of removal should be denied. And as a result, the respondent's application for cancellation is denied.

(Doc. No. 14, Ex. 2 at 12-13). Based on upon the immigration court's decision, even considering the lower expense of pre-conclusion voluntary departure weighing in Defendant's favor, it is implausible to think the immigration court would have balanced the equities in favor of Defendant upon an application for voluntary departure. *Cf. Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 924-25 (9th Cir. 2007) (upholding BIA decision to deny motion to remand for adjustment of status determination, because petitioner did not merit favorable exercise of discretion regarding voluntary departure and therefore would not merit favorable exercise of

1   discretion regarding adjustment of status).  Therefore, the immigration court's failure to advise

2   Defendant of his possible eligibility for voluntary departure did not prejudice Defendant.

3   **IV.    CONCLUSION**

4         For the foregoing reasons, the court hereby DENIES Defendant's motion to set aside

5   the section 1326 charges.

6         **IT IS SO ORDERED.**

7   DATED:  March 30, 2010

8   _____
    Hon. Jeffrey T. Miller

9   United States District Judge

09cr3687